UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DESIRE NTIHEBUWAYO, | ) Case No. 4:18CV582 |
| Petitioner, | ) |
| v. | ) JUDGE BENITA PEARSON |
| | ) MAGISTRATE JUDGE DAVID A. RUIZ |
| IMMIGRATION AND | ) |
| CUSTOMS ENFORCEMENT, at al., | ) |
| Respondents | ) REPORT AND RECOMMENDATION |

Desire Ntihebuwayo ("Ntihebuwayo" or "petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition is before the magistrate judge pursuant to Local Rule 72.2(b)(2). At the time of the filing, the petitioner was in the custody of Immigration and Customs Enforcement, at the Northeast Ohio Correctional Center, being held on an immigration charge. (R. 1, PageID #: 2, 3.) Ntihebuwayo's petition does not challenge his remand order, but rather alleged that there is no reasonable likelihood of his removal. *Id.* at PageID #: 3, 8-9.

Ntihebuwayo is a native of Tanzania, and a citizen of Burundi, who was admitted to the United States as a child of a refugee in June 2007. (R. 6-1, DX A, Koval decl., PageID #: 30, ¶¶ 3-4.) In November 2016, petitioner was issued a Notice to Appear charging him as removable from the United States because he had been convicted of two crimes of moral turpitude. *Id.* at ¶ 5. On March 20, 2017, an Immigration Judge ordered petitioner removed from the United States. *Id.* at ¶ 6.

The Board of Immigration Appeals dismissed petitioner's appeal of the removal order on September 6, 2017, rendering the order final and enforceable. *Id.* at ¶ 7.

The respondent has filed a motion to dismiss for lack of subject matter jurisdiction. (R. 11.) The respondent asserts that petitioner was removed from the United States pursuant to his final removal order, on January 2, 2019, and thus the court lacks jurisdiction over the matter. (R. 11-1, PageID #: 68; R. 11-2, Koval decl., PageID #: 72, ¶ 4.)

A writ of habeas corpus under Section 2241 is unavailable unless the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Steverson v. Summers*, 258 F.3d 520, 522 (6th Cir. 2001) (quoting 28 U.S.C. § 2241(c)(3).) A district court lacks jurisdiction over a petition for a writ of habeas corpus pursuant to Section 2241 if the petitioner is no longer in government custody. *Prieto v. Gluch*, 913 F.2d 1159, 1162-1163 (6th Cir. 1990), *cert. denied,* 498 U.S. 1092 (1991) (citing *Campillo v. Sullivan,* 853 F.2d 593, 595 (8th Cir. 1988)). Moreover, a petition challenging the length of one's detention pending removal is rendered moot when the person is actually removed from the United States, because the removal releases the person from government custody. *See, e.g.*, *Enazeh v. Davis,* No. 03-5711, 2004 WL 1791429, at *2 (6th Cir. Aug. 6, 2004); *Haddad v. Ashcroft,* No. 02-2189, 2003 WL 22220524, at *1 (6th Cir. Sept. 23, 2003).

The respondent has demonstrated that Ntihebuwayo has been removed from the United States to Burundi. (R. 11-2, Koval decl., PageID #: 72, ¶ 4; 74-75.) Thus

petitioner is no longer in the custody of the United States, and the petition should be dismissed.

## CONCLUSION

The undersigned recommends that the motion to dismiss the petition for lack of jurisdiction (R. 11) be GRANTED, for the reasons set forth above.

                                            s/ David A. Ruiz
                                            David A. Ruiz
                                            United States Magistrate Judge

Date: January 25, 2019

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).