PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| DESIRE NTIHEBUWAYO (#A097 070 572), | ) ) ) | CASE NO. 4:18CV0582 |
| Petitioner, | ) ) | |
| v. | ) ) | JUDGE BENITA Y. PEARSON |
| ATTORNEY GENERAL, *et al.*, | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Respondents. | ) | [Resolving ECF No. 11] |

*Pro Se* Petitioner Desire Ntihebuwayo filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) alleging that his continued detention by Immigration and Customs Enforcement ("ICE") was unlawful and that he should be released from custody. On January 2, 2019, Petitioner was removed from the United States pursuant to his final removal order.

The case was referred to Magistrate Judge David A. Ruiz for general pretrial supervision pursuant to 28 U.S.C. § 636 and Local Rules 72.1 and 72.2(a). After Respondents filed a Motion to Dismiss (ECF No. 11) for lack of subject-matter jurisdiction, the magistrate judge submitted a Report and Recommendation (ECF No. 12) recommending that the motion be granted and the petition be dismissed because Petitioner is no longer in the custody of the United States.

Fed. R. Civ. P. 72(b)(2) provides that objections to a report and recommendation must be filed within 14 days after service. Objections to the Report were, therefore, due on February 11,

(4:18CV0582)

2019.[1] Petitioner has not filed any objections. Any further review by the Court would be a duplicative and inefficient use of the Court's limited resources. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *Howard v. Secretary of Health and Human Services*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, the Report and Recommendation (ECF No. 12) of the magistrate judge is hereby adopted. Respondents' Motion to Dismiss (ECF No. 11) is granted. Desire Ntihebuwayo's Petition for a Writ of Habeas Corpus is dismissed.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

|   March 6, 2019   |   */s/ Benita Y. Pearson*   |
|---|---|
| Date | Benita Y. Pearson<br>United States District Judge |

---

[1] Under Fed. R. Civ. P. 6(d), three days must be added to the fourteen-day time period because Petitioner was served a copy of the Report by mail. *See Thompson v. Chandler*, 36 F. App'x. 783, 784 (6th Cir. 2002).